FILED
SUPERIOR COURT
OF GUAM

2021 JUN 14 PH 12: 36

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| KORASAN LLC DBA MODA GINO'S,<br><br>Plaintiff<br><br>vs.<br><br>PAUL'S GUAM, INC., PICHET "PAUL" SACHDEJ, and AMARJIT "JIM" SACHDEV,<br><br>Defendants. | Superior Court Case No. <u>CV0755-17</u><br><br><br>**DECISION AND ORDER DENYING DEFENDANTS FROM PRESENTING A PROCUREMENT LAW DEFENSE VIOLATION** |

In this case involving trademark infringement of school uniforms, deceptive trade practices, and antitrust violations, Defendants Paul's Guam, Inc., et al. ("PGI") ask that they be allowed to present to the jury its pled defense that Plaintiff Korasan LLC violated Guam's Procurement Law when it entered into contracts with various school organizations. In its July 22, 2020 Order Setting Trial and for Briefing, the Court asked the parties to address whether PGI was required to exhaust its administrative remedies before it could pursue this defense. Then, in its April 5, 2021 Inclinations Following the Court's Questions, the Court indicated two concerns with PGI's procurement law defense. First, PGI had not proven that it exhausted its administrative remedies or followed Guam's Procurement Law in raising a defense that a procurement was illegal; and second, the defense is not relevant if one of the contracting parties is not a state entity.

In total, PGI has submitted briefing on the issue of the Procurement Law defense in the following submissions: Trial Brief (Jun. 12, 2019); First Amended Trial Brief (Jul. 2, 2020); Proposed Jury Instructions (Jul. 2, 2020); Responses to Order Setting Trial and for Briefing (Oct.

ORIGINAL

5, 2020); Second Amended Trial Brief (Mar. 16, 2021); and Pretrial Conference Supplemental Brief (Apr. 6, 2021). Korasan also briefly addressed the issue in its April 6, 2021 Response to the Court's Inclinations. Having now reviewed the parties' positions, the Court is now prepared to rule on the issue of whether the jury should consider PGI's Procurement Law violation defense.

PGI concedes that the contracts between Korasan and the school organizations "were subject to the Guam Procurement Law" and contends that the contracts violated such law. Defs.' Second Am. Trial Brief at 45-46 (Mar. 16, 2021). PGI claims, however, that it was not required to exhaust any administrative remedies under the Guam Procurement Law because it is the true owner of the trademarks that were the subject of the contracts. *Id.* at 46. The Court notes that it is unresolved whether the school organizations qualify as government entities. Assuming they are government entities, PGI argues that the organizations did not utilize the procedures in Guam's Procurement Law in establishing a contractual relationship with Korasan.[1]

Recently in *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2020 Guam 20 ¶ 65, the Guam Supreme Court noted that Guam's Procurement Law "serves the vital function of protecting the public expenditure of funds." Protests filed under the law therefore protect the public fisc and assure fairness in the procurement process. *Id.* Administrative exhaustion of such protests or claims becomes an important aspect of the procurement process and protection of public funds. As the court definitively stated: "all claims arising under the Procurement Code must be administratively exhausted." *DFS Guam L.P.*, 2020 Guam 20 ¶ 50; *see also id.* at ¶ 59 ("It is beyond dispute that procurement claims must be administratively exhausted."). "Exhaustion requirements help lessen the burden on the courts by providing an opportunity for agencies to correct mistakes, and it promotes efficiency by taking advantage of the specialized

---

[1] If they are not government entities, then PGI's procurement law violation defense is irrelevant.

ORIGINAL

expertise of administrative agencies." *Id.* ¶ 63. In other words, administrative exhaustion implicates not just sovereign immunity but provides a complete defense. *Id.*

The Guam Supreme Court also recently issued *Teleguam Holdings LLC v. Guam*, 2018 Guam 5 ("*Teleguam II*"). In that case, the court ruled that the Superior Court lacks jurisdiction to hear complaints that have not endured the administrative exhaustion process. *DFS Guam L.P.* also clarified the holding in *Teleguam II*:

> [T]he statutory time limits to protest under the procurement law were jurisdictional in nature, and this bar to jurisdiction applied to each and every claim raised in the Superior Court under section 5480. It would be logically inconsistent for us to find that a party must timely protest each individual claim or be jurisdictionally barred from bringing it, but also find that a party need not exhaust its protest rights with respect to that same claim.

2020 Guam 14 ¶ 66.

Notably, PGI cites no law or case supporting its assertion that a party--even one that is not a competing bidder--who believes it owns a trademark that is the subject of a government contract can forestall Guam's Procurement Laws in seeking a ruling that a violation of those same laws has occurred. Over and over again, the Guam Supreme Court says one must administratively exhaust such claims. Absent exhaustion of the statutory mechanism put in place to raise those claims before a court, this Court lacks jurisdiction to decide whether a contract is in violation of Procurement Laws.

PGI also generally claims that Korasan's conduct is "illegal;" however, PGI's discussion of illegality has always been in the context of an illegal procurement. PGI offers other defenses that may render Korasan's conduct illegal, but in the context of the Procurement Law, any argument that the contract was illegal must endure the administrative exhaustion process.

In addition, PGI wants a jury--not the Court--to decide whether the procurement is illegal. The Guam Procurement Law entrusts the determination of a procurement violation to

ORIGINAL

first the agency, then the Public Auditor, then the courts. Guam's Procurement Law does not mention the involvement of a jury. Moreover, actions brought under the Guam Procurement Law are to be conducted as provided in the Government Claims Act--which does not permit jury trials. *See* 5 GCA §§ 5480(f), 6209. Thus, even if PGI can pursue a procurement violation defense, it cannot do so before a jury.

Finally, PGI argues that *Pangelinan v. Gutierrez*, 2004 Guam 16, dictates that Procurement Law issues that are of public importance should always be addressed and that this case presents an issue of public importance. The Court first notes that all procurements involve public funds and are therefore of public importance; this does not mean that the Court should reach into every case to extract a procurement issue. A blanket override of the procurement statutory scheme in this instance contradicts all the recent precedent requiring that parties that seek to invalidate a procurement should endure administrative exhaustion. Notably, PGI has raised defenses related to trademark violations, so it is not without other legal claims and remedies.

For these reasons, the Court will not allow PGI to present a Procurement Law violation defense during the jury trial in this case.

SO ORDERED this 14th day of June 2021.

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

Daniel Berman
C. Taitano

Date: _____ Time: 6/14/21

Deputy Clerk, Superior Court of Guam

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Daniel J. Berman, Esq., Berman Law Firm, for Korasan LLC dba Moda Gino's
Carlos L. Taitano, Esq., Taitano & Taitano LLP, for Paul's Guam, Inc., Pichet "Paul" Sachdej, and Amarjit "Jim" Sachdev

ORIGINAL